IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON THOMPSON, | ) | Civil Action No. 7:15cv00444 |
|     Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Norman K. Moon |
| CHRISTOPHER ZYCH, | ) | United States District Judge |
|     Respondent. | ) | |

Jason Thompson, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in, *inter alia*, the loss of good conduct time. Respondent filed a motion for summary judgment, and Thompson responded, making this matter ripe for disposition.[1] For the reasons stated herein, I will grant respondent's motion for summary judgment.

**I.**

Thompson alleges that on July 13, 2014, while housed at a Federal Correctional Institution in Bennettsville, South Carolina, he received an incident report that charged him with refusing to breathe into a breathalyzer and threatening another with bodily harm. On July 14, 2014, Thompson appeared before the Unit Discipline Committee which referred the incident report to the Disciplinary Hearing Officer ("DHO") for a hearing. On July 21, 2014, Thompson's requested staff representative Lt. Bates came to Thompson's cell and informed Thompson that he had no desire to assist inmates at disciplinary hearings and that Thompson should never request him again or Thompson would "be sorry." Later that same day, Thompson was taken to the disciplinary hearing and Lt. Bates was not present. The DHO told Thompson

---

[1] Respondent filed a motion to dismiss and attached affidavits and other documents, which I rely upon. Accordingly, I have converted respondent's motion to dismiss into a motion for summary judgment and given appropriate notice. Fed. R. Civ. P. 12(d).

that if Lt. Bates did not want to represent Thompson, he did not have to. Thompson states that he was then "forced" to proceed with the disciplinary hearing without a staff representative. Thompson did not request to present any witnesses or documentary evidence. At the conclusion of the hearing, Thompson was found guilty of the charges and sanctioned with, *inter alia*, 68 days loss of good conduct time. After the hearing, Thompson never received a DHO report of the July 21, 2014 hearing.

On July 30, 2014, Lt. Bates came to Thompson's cell again and told Thompson that they were going to the see the DHO. The DHO informed Thompson that they were conducting a rehearing on the charges of refusing to breathe into a breathalyzer and threatening another with bodily harm. Thompson argued that the rehearing was collaterally estopped, that he did not receive advance notice of the rehearing, and that he did not ask for Lt. Bates to be his staff representative at a rehearing. Thompson requested to be taken back to his cell. The DHO stated that the rehearing would take place and that Lt. Bates would be his staff representative. Thompson did not request to present any witnesses or documentary evidence. On rehearing, the DHO found Thompson guilty of the charges and imposed the same sanction, including the 68 days loss of good conduct time. Thompson received a copy of the DHO report from the July 30, 2014 hearing on October 24, 2014.

Thompson filed a habeas petition pursuant to § 2241, alleging that his right to due process was violated when 1) he did not have a staff representative at the July 21, 2014 hearing, 2) he did not receive a DHO report of the July 21, 2014 hearing, 3) the July 30, 2014 rehearing was conducted despite being collaterally estopped, 4) he was not provided advance notice of the rehearing, and 5) he was not allowed to choose a new staff representative at the rehearing.

2

Thompson seeks expungement of the disciplinary convictions and restoration of his good conduct time.

## II.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Constitutional Amendment XIV § 1. "An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law." *Moses v. Bledsoe*, No. 1:03cv149, 2004 U.S. Dist. LEXIS 28924, at *6, 2004 WL 3317657, at *2 (N.D.W. Va. 2004). Certain procedural safeguards apply when loss of statutory good time credit is at issue. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These due process protections include: 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-71. Further, "revocation of good time does not comport with 'the minimum requirements of procedural due process,' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id.* at 455-56.

## III.

Thompson claims that his right to due process was violated when he did not have a staff representative at the July 21, 2014 disciplinary hearing and did not receive a DHO report of that

hearing. When prison officials set aside a disciplinary conviction and order a new hearing, "[t]hat moots any constitutional violations that may have occurred in the first disciplinary hearing." *Craft v. Jones*, No. CIV-11-728-HE, 2011 U.S. Dist. LEXIS 130796, at *2-3, 2011 WL 5509876, at *1 (W.D. Okla. Nov. 10, 2011); *see also Russell v. Wilson*, No. 2:15cv51, 2015 U.S. Dist. LEXIS 95063, at *14-15 (E.D. Va. June 17, 2015); *Sloley v. O'Brien*, No. 7:07cv507, 2008 U.S. Dist. LEXIS 63849, at *5, 2008 WL 2852023, at *2 (W.D. Va. July 22, 2008); *Rojas v. Driver*, No. 5:06cv88, 2007 U.S. Dist. LEXIS 71177, at *7-8, 2007 WL 2789471, at * 3 (N.D. W. Va. 2007). In this case, because Thompson was given a rehearing on his disciplinary charges, any error in the initial hearing had no effect and his claims regarding the first hearing have been rendered moot. Accordingly, I will grant respondent's motion for summary judgment as to these claims.

## IV.

Thompson argues that the rehearing was barred by the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, bars subsequent litigation of legal and factual issues common to an earlier action that were "actually and necessarily determined" in the first litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir. 1988). Thus, "collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks omitted). To apply collateral estoppel to an issue or fact, the proponent must demonstrate that: 1) the issue or fact is identical to the one previously litigated; 2) the issue or fact was actually resolved in the prior proceeding; 3) the issue or fact was critical

4

and necessary to the judgment in the prior proceeding; 4) the judgment in the prior proceeding is final and valid; and 5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *Id.*

Thompson has not shown that the doctrine of collateral estoppel applies in the context of a prison disciplinary hearing. Also, there was no final judgment or determination in regard to Thompson's first disciplinary hearing. The only DHO report produced was related to the rehearing. Accordingly, I conclude that Thompson's claim that the second hearing was barred by the doctrine of collateral estoppel fails and, therefore, I will grant respondent's motion for summary judgment as to this claim.

## V.

Thompson also alleges that his right to due process was violated when he was not given advance notice of the rehearing and when he was not allowed to choose a new staff representative at the rehearing.[2] Under *Wolff*, "advance notice of the *charges*, not of the hearing (or rehearing)" is required. *Ageloff v. Reese*, C.A. No. 5:07cv124-DCB-MTP, 2009 U.S. Dist. LEXIS 127297, at *14, 2009 WL 2591622, at *4 (S.D. Miss. Aug. 13, 2009) (emphasis in original); *Garcon v. Cruz*, No. 6:13-2450-RMG-KFM, 2014 U.S. Dist. LEXIS 53540, at *14 n.2, 2014 WL 5106893, at *11 (D.S.C. Mar. 19, 2014); *see also Barry v. Whalen*, 796 F. Supp 885, 895 (E.D. Va. 1992). In this case, it is clear that Thompson was given written notice of the *charges* more than 24 hours before the rehearing as it is undisputed that he received a copy of the incident report on July 13, 2014, prior to the first hearing. Accordingly, I conclude that Thompson's allegations do not state a due process violation.

---

[2] I note that Thompson does not raise a due process claim concerning any of the other *Wolff* protections due at his rehearing and does not challenge the sufficiency of the evidence supporting his disciplinary conviction.

With regard to the staff representative, there is no general constitutional right of an inmate to have a staff representative in prison disciplinary hearings. *Hudson v. Hedgepath*, 92 F.3d 748, 751 (8th Cir. 1996); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). Due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue[s] make it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570; *Hedgepath*, 92 F.3d at 751. In this case, there is no evidence that Thompson is illiterate or that the issues were so complex as to require a staff representative. Moreover, Thompson did have a staff representative, albeit perhaps not his first choice, for the rehearing. Based on the foregoing, I conclude that Thompson's allegations do not state a viable due process claim and, therefore, I will grant respondent's motion for summary judgment as to these claims.[3]

## VI.

For the reasons stated herein, I will grant respondent's motion for summary judgment.

ENTER: This 29th day of August, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] Further, to the extent Thompson claims that the defendants violated VDOC procedure, his allegations fail to state a federal claim. The constitutional protections afforded to inmates are limited, and a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).